**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

COLLEEN HOLLAND,                )     No. ED CV 04-392-PLA
                                )
                Plaintiff,       )
                                )     **MEMORANDUM OPINION AND ORDER**
        v.                       )
                                )
JO ANNE B. BARNHART,            )
COMMISSIONER OF SOCIAL          )
SECURITY ADMINISTRATION,        )
                                )
                Defendants.      )
_____ )

**I.**

**PROCEEDINGS**

Plaintiff filed this action on May 26, 2004, seeking review of the Commissioner's denial of her applications for Disability Insurance Benefits and Supplemental Security Income. The parties filed a Consent to proceed before the undersigned Magistrate Judge on July 23, 2004. Pursuant to the Court's Order, the parties filed a Joint Stipulation on April 5, 2005, that addresses their positions concerning the disputed issues in the case. The Court has taken the Joint Stipulation under submission without oral argument.

/

/

## II.

### BACKGROUND

Plaintiff was born on May 13, 1951. [Administrative Record ("AR") at 70.] She has a high school education and has completed two years of college. [AR at 117.] Plaintiff has past relevant work experience as, among other things, a home care provider. [AR at 102-08, 112.]

On September 13, 2001, plaintiff filed applications for Disability Insurance Benefits and Supplemental Security Income.  [AR at 34, 70-72.] Plaintiff alleged disability due to extreme back pain and claimed that she has been unable to work since August 23, 2001. [AR at 70, 111.] After her applications were denied initially and on reconsideration, plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). A hearing was held on January 21, 2003, at which plaintiff appeared with an attorney and testified on her own behalf. [AR at 258-77.] On February 24, 2003, the ALJ determined that although plaintiff had impairments that were severe, she was still able to perform her past relevant work. [AR at 33-36.] Thus, the ALJ concluded that plaintiff was not disabled. [Id.]

When the Appeals Council denied review on April 2, 2004, after having considered additional evidence submitted after the ALJ's decision, the decision of the ALJ became the final decision of the Commissioner. [AR at 4-8.]

## III.

### STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court has authority to review the Commissioner's decision to deny benefits.  The decision will be disturbed only if it is not supported by substantial evidence or if it is based upon the application of improper legal standards.  Moncada v. Chater, 60 F.3d 521, 523 (9th Cir. 1995); Drouin v. Sullivan, 966 F.2d 1255, 1257 (9th Cir. 1992).

In this context, the term "substantial evidence" means "more than a mere scintilla but less than a preponderance -- it is such relevant evidence that a reasonable mind might accept as adequate to support the conclusion."  Moncada, 60 F.3d at 523; see also Drouin, 966 F.2d at 1257.  When determining whether substantial evidence exists to support the Commissioner's

1   decision, the Court examines the administrative record as a whole, considering adverse as well

2   as supporting evidence.  Drouin, 966 F.2d at 1257; Hammock v. Bowen, 879 F.2d 498, 501 (9th

3   Cir. 1989).  Where the evidence is susceptible to more than one rational interpretation, the Court

4   must defer to the decision of the Commissioner.  Moncada, 60 F.3d at 523; Andrews v. Shalala,

5   53 F.3d 1035, 1040-1041 (9th Cir. 1995); Drouin, 966 F.2d at 1258.

6

7                                                  IV.

8                              THE EVALUATION OF DISABILITY

9          Persons are "disabled" for purposes of receiving Social Security benefits if they are unable

10  to engage in any substantial gainful activity owing to a physical or mental impairment that is

11  expected to result in death or which has lasted or is expected to last for a continuous period of at

12  least twelve months.  42 U.S.C. § 423(d)(1)(A); Drouin, 966 F.2d at 1257.

13

14  **A.      THE FIVE-STEP EVALUATION PROCESS**

15         The Commissioner (or ALJ) follows a five-step sequential evaluation process in assessing

16  whether a claimant is disabled.  20 C.F.R. §§ 404.1520, 416.920; Lester v. Chater, 81 F.3d 821,

17  828 n.5 (9th Cir. 1995, as amended April 9, 1996).  In the first step, the Commissioner must

18  determine whether the claimant is currently engaged in substantial gainful activity; if so, the

19  claimant is not disabled and the claim is denied.  Id.  If the claimant is not currently engaged in

20  substantial gainful activity, the second step requires the Commissioner to determine whether the

21  claimant has a "severe" impairment or combination of impairments significantly limiting her ability

22  to do basic work activities; if not, a finding of nondisability is made and the claim is denied.  Id.

23  If the claimant has a "severe" impairment or combination of impairments, the third step requires

24  the Commissioner to determine whether the impairment or combination of impairments meets or

25  equals an impairment in the Listing of Impairments ("Listing") set forth at 20 C.F.R., Part 404,

26  Subpart P, Appendix 1; if so, disability is conclusively presumed and benefits are awarded.  Id.

27  If the claimant's impairment or combination of impairments does not meet or equal an impairment

28  in the Listing, the fourth step requires the Commissioner to determine whether the claimant has

1  sufficient "residual functional capacity" to perform her past work; if so, the claimant is not disabled

2  and the claim is denied.  Id.  The claimant has the burden of proving that she is unable to perform

3  past relevant work.  Drouin, 966 F.2d at 1257.  If the claimant meets this burden, a prima facie

4  case of disability is established.  The Commissioner then bears the burden of establishing that the

5  claimant is not disabled, because she can perform other substantial gainful work available in the

6  national economy.   The determination of this issue comprises the fifth and final step in the

7  sequential analysis. 20 C.F.R. §§ 404.1520, 416.920; Lester, 81 F.3d at 828 n.5; Drouin, 966 F.2d

8  at 1257.

9

10  **B.     THE ALJ'S APPLICATION OF THE FIVE-STEP PROCESS**

11         In this case, at step one, the ALJ concluded that plaintiff has not engaged in any substantial

12  work activity since the alleged onset of her disability.  [AR at 36.]  At step two, the ALJ concluded

13  that plaintiff has a severe impairment involving the musculoskeletal system. [AR at 34.] At step

14  three, the ALJ found that plaintiff's impairment does not meet or equal the requirements of any of

15  the impairments in the Listing. [Id.] The ALJ further found that plaintiff retains the residual

16  functional capacity[1] to perform medium work.[2] [Id.] At step four, the ALJ concluded that plaintiff

17  is able to perform her past relevant work. [AR at 35.] Thus, the ALJ found plaintiff not disabled.

18  [Id.]

19

20                                          **V.**

21                              **THE ALJ'S DECISION**

22         Plaintiff contends that the ALJ (1) failed to provide specific and legitimate reasons to reject

23  the opinion of plaintiff's treating physician; and (2) failed to provide clear and convincing reasons

24  ─────────────────

25  [1]     Residual functional capacity is what a claimant can still do despite existing exertional and
nonexertional limitations.  Cooper v. Sullivan, 880 F.2d 1152, 1155 n.5 (9th Cir. 1989).

26

27  [2]     Medium work is defined as work involving "lifting no more than 50 pounds at a time with
frequent lifting or carrying of objects weighing up to 25 pounds."  20 C.F.R. §§ 404.1567(c) and
28  416.967(c).

1  to reject plaintiff's subjective testimony. For the reasons discussed below, the Court agrees with

2  plaintiff, in part, and remands this case for further proceedings.

3

4  **A.    THE EVIDENCE**

5          As relevant to the issues raised in the Joint Stipulation, plaintiff, at the time of the hearing,

6  was 51 years old and had completed two years of college. [AR at 261.] According to plaintiff's

7  Disability Report, dated September 13, 2001, plaintiff stopped working on August 23, 2001,

8  because of a cyst in her lower back, which caused her to be unable to bend, sit, or walk without

9  extreme pain. [AR at 111.]  Plaintiff testified that she first experienced symptoms of back pain two

10 months prior to the time she stopped working. [AR at 262.] In October 2001, plaintiff's physicians

11 attempted to aspirate the cyst, but failed. [AR at 263.] Since that time, plaintiff has not had any

12 other procedures to remove, shrink or otherwise attend to the cyst, but she gets shots every six

13 months to control the pain and takes regular strength Vicodin at least three to four times a day.

14 [AR at 263-64.] When asked whether the pain ever disappears, plaintiff responded that it is

15 constant and at times gets so bad that she cannot walk, due to pain shooting down her legs. [AR

16 at 265-66, 268.] Plaintiff also stated that she can only sit or stand for about 15 minutes before the

17 pain either forces her to get up or lie down. She can walk only to the corner and back.  [AR at 268-

18 69.] Plaintiff testified that she spends the majority of her day lying down in her bed. [AR at 268-70.]

19

20

21 **B.    PLAINTIFF'S SUBJECTIVE TESTIMONY**

22         The ALJ found plaintiff's allegations regarding her limitations "not totally credible," as her

23 subjective complaints "appear to require only mild and conservative treatment, which has been

24 pursued for a long time, raising inferences of efficacy and toleration." [AR at 35.]  Plaintiff asserts

25 that the ALJ did not provide clear and convincing reasons to reject her subjective symptom

26 testimony. See Joint Stipulation, at 8.

27         Once a claimant has produced objective medical evidence of an underlying impairment that

28 could reasonably be expected to produce some degree of pain, in the absence of any evidence

of malingering, the ALJ may reject subjective pain testimony only by offering specific, clear and convincing reasons for doing so. Smolen v. Chater, 80 F.3d 1273, 1281 (9th Cir. 1996). If the ALJ finds that a claimant's testimony regarding the degree of pain and limitations is unreliable, the ALJ must "specifically identify what testimony is credible and what testimony undermines the claimant's complaints." Morgan v. Commissioner of the Social Security Administration, 169 F.3d 595, 599 (9th Cir. 1999); Lester, 81 F.3d at 834. The ALJ's credibility findings must be explicit. Rashad v. Sullivan, 903 F.2d 1229, 1231 (9th Cir. 1990); see Albalos v. Sullivan, 907 F.2d 871, 874 (9th Cir. 1990) (implicit finding that claimant was not credible is insufficient); see also Lester, 81 F.3d at 834 (the ALJ must provide clear and convincing reasons for discrediting a plaintiff's testimony as to severity of symptoms when there is medical evidence of an underlying impairment). Indicia of unreliability upon which an ALJ may rely to reject plaintiff's subjective complaints include: (a) activities inconsistent with a finding of a severe impairment; (b) discrepancies in plaintiff's statements; (c) exaggerated complaints; and (d) an unexplained failure to seek treatment. See Fair v. Bowen, 885 F.2d 597, 603-04 (9th Cir. 1989); Brawner v. Secretary of Health and Human Services, 839 F.2d 432, 433 (9th Cir. 1988); Copeland v. Bowen, 861 F.2d 536, 541 (9th Cir. 1988); Johnson v. Shalala, 60 F.3d 1428, 1434 (9th Cir. 1995) (that plaintiff received only conservative treatment for back injury is clear and convincing reason for disregarding testimony that plaintiff is disabled). Substantial evidence in the record must support the ALJ's reasons for concluding that plaintiff's testimony regarding the severity of her pain was not credible. If properly supported, the ALJ's credibility determinations are entitled to "great deference." Green v. Heckler, 803 F.2d 528, 532 (9th Cir. 1986).

In this case, plaintiff has produced objective medical evidence of an underlying impairment that could reasonably be expected to produce some degree of pain. An MRI in August, 2001, revealed a "cystic structure" in plaintiff's thecal sac, impinging on the nerve root. [AR at 183, 237.] Efforts to aspirate the cyst in October, 2001, failed because a decrease in the size of the cystic structure and a bony covering overlying the cyst made access with a needle impossible. [AR at 180, 205.] The size of the cyst was the same in September, 2003, as it was in August, 2001, and there was still compression on the nerve root. [AR at 236.] The cyst, compressing on a nerve root,

1  could reasonably be expected to produce some degree of pain.  In addition, there is little, if any,

2  evidence that plaintiff is malingering. Although one of the state agency physicians noted that

3  plaintiff was "partially credible," there is no citation to the records to support this statement. [AR

4  at 140, 147.] Further, when asked to comment on plaintiff's credibility, Dr. Vu Nguyen, who actually

5  treated plaintiff on multiple occasions, stated that plaintiff was not a malingerer. [AR at 221.]

6  Neither does the ALJ conclude that plaintiff is malingering, nor does defendant argue that such

7  evidence exists.  As such, the ALJ could reject plaintiff's pain testimony only with clear and

8  convincing reasons supported by substantial evidence.

9        To support his decision to reject plaintiff's subjective complaints, the ALJ, after briefly

10  summarizing those complaints,  pointed to the fact that plaintiff "appear[ed] to require only  mild

11  and conservative treatment."  [AR at 35.] While the court in Johnson indicated that a physician's

12  prescription of conservative treatment can be used to refute a plaintiff's excess complaints of pain,

13  no doctor's assessment in this case noted that plaintiff's treatment was conservative or mild.  The

14  ALJ's decision to so classify plaintiff's treatment is without support from a single physician's report.

15  Rather, plaintiff has consistently sought medical treatment for her pain since it first began in 2001.

16  The most significant intervention attempted by physicians to relieve or eliminate the cause of her

17  pain failed in October, 2001, because of an inability to access the cyst with a needle.  The size of

18  the cyst was unchanged between August, 2001, and September, 2003.  Although plaintiff has not

19  had any other procedures to remove, shrink or otherwise attend to the cyst since that time, she

20  gets shots every six months and takes regular strength Vicodin at least three to four times a day

21  to control the pain. [AR at 94, 249, 263-64.] Plaintiff has also tried physical therapy, but stopped

22  because it became too painful for her to continue. [AR at 273.] At the hearing, plaintiff testified that

23  she is once again going to try physical therapy. [AR at 273.] Further, the ALJ notes that the

24  treating source records reflect that plaintiff is "not a surgical candidate." [AR at 35.]  Indeed,

25  plaintiff testified that she was told by the head surgeon at Arrowhead Regional Medical Center that

26  she should not have surgery to remove the cyst as there was a good chance she would be

27  paralyzed. [AR at 272.] At least partial support for this statement is found in the October 9, 2001,

28  Arrowhead admission report prior to the attempt to aspirate the cyst, where plaintiff was informed

7

1  that the cyst could "reoccur at any time . . . and . . . plaintiff's symptoms . . . may even become

2  worsened." [AR at 183.] This is thus not an unexplained failure to obtain treatment (see Bunnell

3  v. Sullivan, 947 F.2d 341, 346 (9th Cir. 1991) (en banc) (unexplained failure to seek treatment is

4  a relevant factor to assess credibility)); rather, plaintiff attempted treatment that was unsuccessful.

5  This evidence belies the ALJ's unsupported opinion that plaintiff's treatment was mild and

6  conservative, and warrants remand.

7       Defendant contends that it is "apparent" that the ALJ did not rely solely on the type of

8  treatment received by plaintiff to reject her testimony, but also rejected plaintiff's testimony based

9  in part on the lack of objective findings, her poor work history, and inconsistencies in her

10  testimony.  Joint Stipulation, at 12.  It argues that it is proper for the Court "to read the decision

11  and draw specific and legitimate inferences" from it, citing Magallanes v. Bowen, 881 F.2d 747,

12  755 (9th Cir. 1989).  See Joint Stipulation, at 11.

13       Plaintiff counters that "the decision must stand or fall with the reasons set forth in the ALJ's

14  decision, as adopted by the Appeals Council." See Joint Stipulation, at 10. "'If the decision on its

15  face does not adequately explain how a conclusion was reached, that alone is grounds for a

16  remand. And that is so even if [the Administration] can offer proper post hoc explanations for such

17  unexplained conclusions.'" Barbato v. Comm'r of Soc. Sec. Admin., 923 F.Supp.1273, 1276 n.2

18  (C.D. Cal. 1996) (quoting Williams v. Bowen, 664 F.Supp. 1200, 1207 (N.D. Ill. 1987)). The Court

19  agrees.  The Court will not speculate which reasons the ALJ was using to support his various

20  findings, i.e., which reasons he believed warranted rejecting plaintiff's credibility, and which he

21  believed warranted rejecting plaintiff's treating physician's opinions.  Rather, the ALJ was required

22  to provide **specific, clear and convincing** reasons supported by the evidence to reject plaintiff's

23  testimony.  As discussed above, the explicit reason provided by the ALJ was insufficient.  In any

24  event, even if defendant's "implicit" reasons had been relied on by the ALJ to reject plaintiff's

25  credibility, they still fail.  The ALJ's conclusion that the cyst "resolved in size" before the attempt

26  to aspirate it, and that there is no evidence of any further increase in size, is not entirely accurate.

27  First, the aspiration did not succeed as a result of the apparent reduction in size and the inability

28  to access it because of a bony covering.  And, as seen by the MRI in September, 2003, the cyst

1   was in fact the same size in 2003 as it was in 2001, i.e., it apparently had not decreased in size.

2   There is no lack of objective findings that warrants rejecting plaintiff's credibility.

3       Further, the ALJ's comments that plaintiff lives in an apartment with a 16 year old (and thus,

4   presumedly, if she can care for a 16 year old she can also work), is on ADFC and denied

5   productive activity do not lead to the conclusion that she has a poor work history.  In fact, the

6   record shows that her daughter does the housework and laundry and helps plaintiff cook [AR at

7   274], and plaintiff worked consistently at a number of jobs until her back pain started. [AR at 102.]

8       Finally, the ALJ cited the lack of evidence in the record supporting plaintiff's testimony that

9   she was told she could be paralyzed by surgery.  As noted above, there is some support in the

10  record for plaintiff's belief that her condition could worsen with surgery.

11

12                                       **VI.**

13                          **REMAND FOR FURTHER PROCEEDINGS**

14      As a general rule, remand is warranted where additional administrative proceedings could

15  remedy defects in the Commissioner's decision.  See Harman v. Apfel, 211 F. 3d 1172, 1179 (9th

16  Cir.), cert. denied, 531 U.S. 1038 (2000); Kail v. Heckler, 722 F.2d 1496, 1497 (9th Cir. 1984).

17  In this case, remand is warranted for the ALJ to reconsider plaintiff's testimony in light of the above

18  analysis and the evidence submitted after the hearing, and if rejected, to provide sufficient reasons

19  for doing so.[3]

20  /

21  /

22  /

23  /

24  /

25  /

26  _____

27      [3]   On remand, plaintiff's treating physician's opinion should also be reevaluated in light of the
    2003 evidence of the unchanged size of the cyst, and the totality of the reasons that the effort to
28  aspirate the cyst in 2001 failed.

1      Accordingly, **IT IS HEREBY ORDERED** that: (1) plaintiff's request for remand is

2  **GRANTED**; (2) the decision of the Commissioner is **REVERSED**; and (3) this action is

3  **REMANDED** to defendant for further proceedings consistent with this Memorandum Opinion.

4      **IT IS FURTHER ORDERED** that the Clerk of the Court serve copies of this Order and the

5  Judgment herein on all parties or their counsel.

6

7  DATED: August 16, 2005             /S/

8                                    PAUL L. ABRAMS
                              UNITED STATES MAGISTRATE JUDGE